UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORENZO GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-03437-JPH-DML |
| | ) |
| SEVIER, et al. | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint, Dismissing Insufficient Claims, and
Directing Issuance of Process**

Plaintiff Lorenzo Green, Jr., an inmate at New Castle Correctional Facility ("NCCF"), brings this 42 U.S.C. § 1983 action alleging that the defendants violated his constitutional rights by failing to provide adequate medical care for his injured ankle. Because Mr. Green is a "prisoner," the Court must screen his complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Green are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Green's complaint arises from an ankle injury he suffered on June 5, 2019. Mr. Green names three defendants: (1) Warden Sevier; (2) Wexford Medical Group; and (3) The GEO Group.

According to his complaint, Mr. Green hurt his ankle while playing basketball and was brought to the medical department in a wheelchair borrowed from another offender. He was in severe pain and could not walk or put any pressure on his ankle. The nurse on duty told him that everything needed to treat his injury was out of stock, and she sent him back to his dorm without any treatment. He needed assistance getting into his dorm because he had returned the wheelchair that he had borrowed. He missed two meals because he was not able to walk to the cafeteria.

The next morning, Mr. Green sought medical attention because he was in severe pain. He spoke to the officer and sergeant on duty, but neither did anything to help him. He hobbled down the stairs and sat next to the officer's station demanding medical attention, but the officer threatened to spray him if he did not return to his dorm. He called his family so that they would call the prison to demand he get treatment.

Mr. Green saw a doctor that afternoon who immediately requested that he be put in a cast. The doctor gave Mr. Green an injection and a box of Tylenol for his pain. Mr. Green was told he would also receive a prescription for pain medication. An x-ray was taken, and the x-ray technician told him that the only abnormality she saw was a bone that appeared out of place, but she would refer it to a radiologist for review. Mr. Green was provided crutches and sent back to his dorm.

Mr. Green returned to medical once on June 12, 2019, where the doctor removed his cast and provided him with an ace bandage to wrap his ankle. He told the doctor he was still in severe pain. The doctor again said he would receive prescription pain medication. Mr. Green left the appointment with crutches and the ace bandage, but no medication.

Mr. Green alleges he has never received prescription pain medication and has not heard the radiologist's opinion about his x-ray. Mr. Green filed grievances about his lack of medical care but has received no further care. Mr. Green alleges the one-day delay may have caused further injury to his ankle which will inhibit his ability to work as a barber.

Mr. Green does not name an individual doctor or nurse as a defendant; rather, he believes his lack of treatment is a result of systemic deficiencies. Dkt. 1 at 11. He states, "NCCF and Wexford failed to provide [him] with adequate medical care at the time of injury due to staff deficiencies, improper diagnosis, inadequate supplies to meet the injury at the time." Dkt. 1 at 11. He also alleges that "Medical at NCCF provides even for serious injuries to put in a HCR (Healthcare Request) to see medical." *Id.*

Mr. Green requests compensatory and punitive damages.

### III. Discussion

GEO Group is a private corporation that contracts with the Indiana Department of Correction ("IDOC") to manage the operation of NCCF. Wexford is a private corporation that contracts with the IDOC to provide medical treatment to inmates. Because Wexford and GEO Group act under color of state law by contracting to perform a government function, they are treated as a government entity for purposes of 42 U.S.C. §1983 claims. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). To prevail on an Eighth Amendment claim against Wexford or GEO Group under § 1983, Mr. Green must show that his injury was the result

of a policy or practice. Mr. Green has sufficiently alleged practice or policy claims. Eighth Amendment practice or policy claims against GEO Group and Wexford **shall proceed.**

Mr. Green's claims against Warden Sevier are **dismissed for failure to state a claim upon which relief can be granted**. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Green makes no allegation that Warden Sevier caused or participated in Mr. Green's medical treatment.

This summary of claims includes all of the viable claims identified by the Court. If Mr. Green believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through February 21, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendants Wexford Medical Group and GEO Group in the manner specified by Rule 4(d) and to **terminate** Warden Sevier as a defendant. Process shall consist of the complaint filed on August 13, 2019, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to send a courtesy copy of this Entry to Douglass R. Bitner.

**SO ORDERED.**

Date: 1/29/2020

                              *James Patrick Hanlon*
                              James Patrick Hanlon
                              United States District Judge
                              Southern District of Indiana

Distribution:

LORENZO GREEN
188577
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

GEO Group
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Wexford of Indiana, LLC
c/o Registered Agent: CT Corporation System
150 W. Market St., Suite 800
Indianapolis, IN 46204

Courtesy copy to:

Douglass A. Bitner
Katz Korin Cunningham, P. C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204