UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LORENZO GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03437-JPH-DML |
| ) | |
| WEXFORD MEDICAL, ) | |
| GEO GROUP The, ) | |
| ) | |
| Defendants. ) | |

**Order Granting Defendants' Unopposed Motions for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Lorenzo Green is an Indiana Department of Correction (IDOC) inmate incarcerated at the New Castle Correctional Facility. Mr. Green commenced this 42 U.S.C. § 1983 action on August 13, 2019, alleging that the defendants, Wexford Medical and GEO Group, have policies or practices that result in systemic deficiencies in the providing of inmate medical care. Dkt. 1 at 11. Both defendants have answered the complaint and now seek summary judgment on the assertion that Mr. Green failed to exhaust his administrative remedies before filing this lawsuit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Although Mr. Green was granted additional time in which to respond to the defendants' motions, dkt. 42, he has not done so. Accordingly, for the reasons explained below, the defendants' motions, dkts. [30] & [36], are **granted**.

**I. Summary Judgment Standards**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

1

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party, and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

An inmate may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* filing suit. *See id.* ("Ford's real problem . . . is timing. Section 1997e(a) says that exhaustion must precede litigation. 'No action shall be brought' until exhaustion has been completed. . . . And these rules routinely are enforced . . . by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending . . . .") (internal citations omitted).

As the movants, the defendants bear the burden of establishing that the administrative remedies upon which they rely were available to the plaintiffs. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

## II.  Undisputed Facts

The following facts are undisputed by Mr. Green and supported by the summary judgment record.

At all times material to this lawsuit, Mr. Green was an IDOC inmate incarcerated at the New Castle Correctional Facility (NCCF). Dkt. 1 at ¶ 3. During this time, NCCF maintained an offender grievance system that was available to Mr. Green. Dkts. 32-1 at ¶ 15 (affidavit of Grievance Specialist Winningham) & 32-5 (IDOC grievance policy). Mr. Green utilized the grievance system for medical care issues on two occasions. Dkt. 32-1 at ¶ 10. One of those

grievances concerned the ankle injury that led to the allegations made in Mr. Green's complaint. *Id.* The other grievance is not alleged to have any connection with this lawsuit. Following receipt of the grievance about Mr. Green's ankle injury, Grievance Specialist Winningham investigated Mr. Green's concerns and provided him a response. *Id.* at ¶ 12.

To complete the IDOC grievance process if the issue is not resolved, an inmate must appeal the Grievance Specialist's response to the facility Warden. Dkt. 32-5 at § XII (Offender Grievance Process). Mr. Green's grievance records show that following Ms. Winningham's response to his grievance, no appeal to the Warden was pursued. Dkt. 32-1 at ¶ 13; dkt. 32-2 (Mr. Green's grievance history record). Mr. Green's grievance history shows that he has never taken a grievance appeal to the facility Warden, a required step in the IDOC grievance process. Dkt. 32-1 at ¶ 13; dkt. 32-2.

### III. Discussion

The undisputed facts demonstrate that Mr. Green had a grievance process available to him, that he filed a facility-level grievance with the Grievance Specialist, but that following his receipt of the grievance response, he did not take the next required step and appeal the response to the facility Warden. Thus Mr. Green failed to exhaust his available remedies prior to filing this lawsuit. The consequence of this, in light of 42 U.S.C. § 1997e(a), is that Mr. Green's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

The motion for summary judgment of defendant GEO Group, dkt. [30], and Wexford Medical, dkt. [36], are **granted**. This action is **dismissed** without prejudice for failure to exhaust

administrative remedies prior to its commencement. 42 U.S.C. § 1997e(a). Final judgment consistent with this Order shall now enter.

**SO ORDERED**.

Date: 10/27/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Lorenzo Green
188577
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Adam Garth Forrest
Boston Bever Klinge Cross & Chidester
aforrest@bbkcc.com

Heather Terese Gilbert
Cassiday Schade LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
Cassiday Schade LLP
evantyle@cassiday.com

Marilyn A. Young
Cassiday Schade LLP
myoung@cassiday.com